UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MOMENTUM CAPITAL FUNDING, LLC, | } } } |
| Plaintiff, | } } |
| v. | } }   Case No.: 2:14-cv-00123-RDP }  |
| MARSHALL TODD BARNES, et al., | } } |
| Defendants. | } |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion for Entry of Default Judgment. (Doc. 23), filed November 25, 2014, and Plaintiff's Supplement to Motion for Entry of Default Judgment (Doc. 25), filed December 11, 2014. Plaintiff seeks a Rule 55(b) default judgment against Defendants in the amount of $110,027.07, representing $100,549.57 for damages and $9,477.50 for reasonable attorney's fees and costs. After the evidentiary hearing held at 9:00 a.m. on Thursday, December 18, 2014, the court concludes that Plaintiff's Motion for Default Judgment (Doc. # 22) is due to be granted.

Rule 55 (b) states in relevant part:

(b) Entering a Default Judgment.

(1) ***By the Clerk***. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) ***By the Court***. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.

Fed. R. Civ. P. 55(b)(1), (2).

The court finds that all of the requirements of Rule 55(b)(2) are satisfied in this case. This action was commenced on January 21, 2014.  (Doc. 1).  Plaintiff initially attempted to serve a copy of the summons and complaint was served on Defendants on or around January 24, 2014. (Docs. 2, 3).  It is undisputed that subsequent service on all Defendants was successful on or around June 3, 2014.  (Doc. 5).   There is nothing in the record to suggest that any Defendant is a minor, incompetent, or serving in the United States Military or armed forces.

On July 11, 2014, Plaintiff filed its first Motion for Entry of Default and Supporting Affidavit (Doc. 7).  On July 18, 2014, Defendants filed a Motion to Dismiss (Doc. 8) and their Alternative Motion for Leave to File Answer or Other Responsive Pleading (Doc. 9).  On September 22, 2014, the court held a hearing, at which Defendant Todd Barnes appeared by telephone.  During that hearing and in later discussions with court staff and Plaintiff's counsel, Barnes represented that:  (1) Defendants had received service; (2) Defendants did not intend to defend this action and would not file any further responsive pleadings; and (3) he was in consultation (or planned to consult) with bankruptcy counsel.[1]  On September 22, 2014, the court entered an Order (Doc. 15) that (1) denied Plaintiff's first Motion for Default and Defendants' Motion to Dismiss; (2) granted Defendants' Motion for Leave to File Answer; and (3) ordered Defendants to file a responsive pleading by October 15, 2014 or else face the entry of default judgment.  Defendants failed to comply with the court's September 22, 2014 Order.

Therefore, in response to Plaintiff's October 20, 2014 Application for Entry of Default (Doc. 18) and accompanying affidavit (Doc. 21), an Entry of Default was entered against Defendants by the Clerk of Court.  (Doc. 22).

---

[1] The court requested Mr. Barnes to memorialize the substance of that communication and forward it to the court.  Although he agreed to do so, he has not followed through with that written filing.

Because Defendants have appeared in this action, Defendants must be served with written notice of Plaintiff's Motion (Doc. 23) seeking default judgment prior to the court's entry of Default. *See* Fed. R. Civ. P. 55(b)(2). In accordance with Rule 55(b)(2), Plaintiff certified that it served Defendants with notice of the Motion at each of Defendants addresses of record.

On December 1, 2014, the court set Plaintiff's Motion (Doc. 23) for an evidentiary hearing. (Doc. 24). In accordance with the Order (Doc. 24), Plaintiff submitted evidence supporting its claim for reasonable attorneys' fees and costs. (Doc. 25). The Order (Doc. 24) also put Defendant on notice that Plaintiff was seeking default judgment against each entity. On December 18, 2014, the court conducted the hearing on Plaintiff's Motion (Doc. 23) and request for damages and attorney's fees and costs.

Plaintiff's Complaint asserts claims against Defendants for breach of contract (Count One), fraud (Count Two), fraudulent inducement (Count Three), fraudulent misrepresentation (Count Four), fraudulent transfer (Count Five), conversion (Count Six), theft (Count Seven), promissory estoppel (Count Eight), and unjust enrichment (Count Nine). Defendants have represented to the court that they have no defense against this action and that they do not intend to offer any. (*See* Doc. 23 at ¶ 17).

For the reasons stated on the record in open court, the court will, by separate order, grant Plaintiff's Motion for Default Judgment (Doc. 23) and enter a default judgment in favor of Plaintiff and against Defendant in the amount of $110,027.07, representing $100,549.57 for damages and $9,477.50 for reasonable attorney's fees and costs.[2]

A separate order will be entered in accordance with this Memorandum Opinion.

---

[2] The court has awarded Plaintiff an additional fee for $440 (two hours at $220 per hour) to compensate Plaintiff's counsel for work performed since submission of his written claim for attorneys' fees.

**DONE** and **ORDERED** this December 18, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE